## Smith's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Thomas Stokes,* for exceptant.
*A. Evans Kephart* and *Robert T. McCracken,* contra.

SINKLER, J., March 16, 1933.—The tendency of recent decisions construing testamentary trusts similar to the one now before us is to award the share of income formerly payable to one of a class dying without issue to the survivors of the class rather than to the estate of the one so dying. The latest reported case is Nixon's Estate, 306 Pa. 261 (an appeal to the Superior Court and afterwards to the Supreme Court), which the auditing judge has found to be essentially similar to the present case. The exceptant seeks to distinguish the trust before us from that in Nixon's Estate chiefly upon the ground that in the latter there exists what he designates a spendthrift trust, while in the former there is not. The trust created by the Nixon will provides that the income shall be payable to the recipients without liability for the payment of their debts, and that payable to married women for their sole and separate use. Provisions forbidding anticipation, alienation or assignment, frequently found in such trusts, are not present. The adjudication of Gest, J., following Maxwell's Estate, 261 Pa. 140, is to the effect that if the income accruing after the death of the former recipient is awarded to his estate, the intention of the testator will be defeated by rendering such income liable for the payment of debts of the deceased beneficiary. Like expression is to be found in the decision of the Supreme Court in Maxwell's Estate, but as pointed out by the decision of Van Dusen, J., dismissing the exceptions in Nixon's Estate, and likewise by the dissenting opinion of Stearne, J., in neither of the wills construed in Maxwell's Estate is there a spendthrift trust created. The existence of such a trust, Stearne, J., holds, is no more than additional evidence of the testator's intention, or as is said by Justice Linn in the decision of the Superior Court in Nixon's Estate, the provision that income payable to children and grandchildren of testator shall not be subject to the payment of their debts, and creating a sole and separate use trust for those who are married women, removes all doubt as to the estate the testator intended to create.

An analysis of the nature of a spendthrift trust shows that it does not affect the quality of the estate created by the trust, that is, whether it is vested or not. The effect of all trusts is to relieve the cestui que trust from the control and management thereof. By a spendthrift trust protection is given him from process against the trustee to collect debts owing by him, and to prevent his anticipating or disposing of his interest either in principal or income. Therefore, we do not consider that the absence of a spendthrift trust in the present case renders it distinguishable from Nixon's Estate.

In our opinion, to hold that in a case such as the present there is a vested interest in income would be in accordance with sound principles of law, and in most cases more likely to effect the ends of justice. But the law in this state is now fixed by the decision of the Supreme Court in Nixon's Estate, and the auditing judge has correctly followed it. The argument of the exceptant that the award of the income to the others of the class to which the deceased life tenant belonged is inconsistent with the fact that the estate in remainder is vested, as well as his other grounds for the exceptions have been sufficiently disposed of by the auditing judge.

The exceptions are dismissed and the adjudication is confirmed absolutely.

### Enterprise trust

SINKLER, J., March 16, 1933.—For the reasons given in the opinion this day filed in the above estate, relating to the Twenty-fifth Ward Trust, the exceptions are dismissed and the adjudication is confirmed absolutely.